**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION**

**BRUCE ALAN DAVIDSON, JR.**

    Petitioner-Defendant,

                                                      Civil Action No. 2:14cv74

v.                                               Criminal Action No. 2:09cr14

                                                      (Judge Bailey)

**UNITED STATES OF AMERICA,**

    Respondent-Plaintiff.

**REPORT AND RECOMMENDATION TO THE DISTRICT JUDGE
RECOMMENDING THAT THE DISTRICT COURT DISMISS PETITIONER'S
MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE AS SECOND OR SUCCESSIVE**

## I. INTRODUCTION

On September 15, 2014, Petitioner-Defendant Bruce Alan Davidson, Jr. ("Petitioner"), proceeding *pro se*, filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Motion"). (Civil Action No. 2:14-cv-271, ECF No. 1; Criminal Action 2:09-cr-14, ECF No. 266). The undersigned now issues this Report and Recommendation without holding an evidentiary hearing and without requiring an answer from Respondent. For the reasons stated below, the undersigned recommends that the District Judge dismiss Petitioner's motion to vacate.

## II. FACTS

*A.*     *Conviction and Sentence*

On June 16, 2009, the Grand Jury indicted Petitioner on twenty-five counts of a twenty-six count Indictment involving two defendants. (Criminal Action 2:09-cr-14, ECF No. 4.) Count One charged Petitioner with conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. §§ 846 & 841(b)(1)(B). (*Id.*) Count Two charged Petitioner with aiding and abetting the possession

of material used in the manufacture of methamphetamine, in violation of 21 U.S.C. §§ 843(a)(6), 843(d)(2), and 18 U.S.C. § 2. (*Id.*) Counts Three, Five, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen, Fourteen, Fifteen, Sixteen, Seventeen, Eighteen, Nineteen, Twenty, Twenty-One, Twenty-Two, Twenty-Three, Twenty-Four, Twenty-Five and Twenty-Six each charged Petitioner with possession of psuedoephedrine to be used in the manufacture of methamphetamine, in violation of 21 U.S.C. § 841(c)(2). (*Id.*)

On July 8, 2009, Petitioner was arrested and a Motion to Detain was filed by the Government. ( Motion to Detain, Criminal Action No. 2:09-cr-14-2, ECF No. 13.) A detention hearing was held on July 13, 2009, at which time Magistrate Judge John S. Kaull denied the Government's Motion to Detain and released Petitioner pursuant to an Order Setting Conditions of Release, which included the condition that Petitioner abide by electronic monitoring and an inspection of his home by Pretrial Services. (Order on Motion to Detain, Criminal Action No. 2:09-cr-14-2, ECF No. 24.)

On August 14, 2009, a Petition for Action on Violations of the Conditions of Pretrial Release was filed and on September 1, 2009, a hearing was held before Magistrate Judge Kaull on that petition. (Bond Revocation Order, Criminal Action No. 2:09-cr-14-2, ECF No. 62.) Magistrate Judge Kaull rejected Petitioner's testimony at that hearing as being not credible and concluded that there was clear and convincing evidence that Petitioner tested positive on August 14, 2009 for amphetamine/methamphetamine. (*Id.* at 4.) On September 1, 2009, Petitioner's bond was revoked and he was remanded to the custody of the U.S. Marshal Service. (*Id.* at 5.)

On September 17 and 18, 2009, Petitioner signed a plea agreement in which he agreed to plead guilty to Count One, conspiracy to manufacture methamphetamine, in violation of 21 U.S.C.

§§ 841(a)(1), 841(b)(1)(B), & 846. (Plea Agreement, Criminal Action No. 2:09-cr-14-2, ECF No. 94.) In the plea agreement, the parties stipulated that Petitioner's total drug relevant conduct was more than five hundred (500) grams but less than one and half (1.5) kilograms of methamphetamine. (*Id.* at 4.) On September 18, 2009, Petitioner entered his plea of guilty before Magistrate Judge Kaull. (Criminal Action No. 2:09-cr-14-2, ECF No. 104.)

Petitioner appeared before United States District Judge John Preston Bailey for sentencing on March 8, 2010. (Judgment in a Criminal Case, Criminal Action No.2:09-cr-14-2, ECF No. 134.) At this time, the parties agreed that the base offense level for Petitioner should be 32. (Sentencing Hrg. Tr., Criminal Action No. 2:09-cr-14-2, ECF No. 150 at 3:23-25.) Judge Bailey sentenced Petitioner to 235 months imprisonment to be followed by a four-year term of supervised release. (Judgment in a Criminal Case, Criminal Action No.2:09-cr-14-2, ECF No. 134.)

## B. Direct Appeal

Petitioner pursued a direct appeal to the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"). On appeal, Petitioner challenged the reasonableness of his sentence contending that the district court clearly erred by increasing his sentence for obstruction of justice and for an offense that created a substantial risk of harm to human life or the environment. *United States v. Davidson*, 417 F. App'x 347, 348, 2011 WL 933952, at *1 (4th Cir. Mar. 18, 2011) (per curiam). The Fourth Circuit affirmed Petitioner's conviction and sentence, holding that the trial court's reliance on the magistrates's judge's perjury finding in applying obstruction of justice enhancement was not clear error; the application of the enhancement for substantial harm to human life or the environment was not clear error and that the sentence imposed was procedurally reasonable. *Davidson*, 417 Fed. Appx at 350-51, 2011 WL 933952 at *2-3.

C.  *First Federal Habeas Corpus*

On March 8, 2012, Petitioner filed his first Motion to Vacate in which he alleged two claims of ineffective assistance of counsel in his Motion. Specifically, Petitioner alleged the following:

1. CJA Deanna Pennington, Esq. failed to renew her challenge to the overruled objections regarding acceptance of responsibility and argue that obstruction of justice and acceptance of responsibility are not the same; and

2. CJA Deanna Pennington, Esq. failed to raise a preserved issue regarding the court's denial of the acceptance of responsibility reduction which was a stronger issue for appeal under *Townsend v. Burke*, 334 U.S. 736, 741 (1948).

(ECF. 172 at 9-10.

In its Response, the Government asserted that Petitioner refused to testify at his co-defendant's trial and when placed under oath denied knowledge of the conspiracy to which he pled guilty. (ECF 180 at 2.) The district court found that Petitioner's refusal to testify (without commenting on his perjury) was inconsistent with acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. (*Id.* at 2.) Trial counsel for the petitioner objected twice to this finding by the district court (once in writing and once orally). (*Id*). The issue regarding whether Defendant refused to testify was not raised on appeal because it was meritless. (*Id.*) It was clear from the evidence before the district judge that Defendant refused to testify at trial. (*Id.*) Further the government argued that pursuant to *Jones v. Barnes*, 463 U.S. 745, 754 (1983), the law does not require appellate counsel to raise every colorable claim on appeal. (*Id.*) Although the government would argue that this claim is not even colorable, counsel's conduct did not fall below *Strickland's* objective standard of reasonableness so Petitioner's motion should be denied. (*Id.*)

In his Reply, Petitioner asserted that the government mistakenly led the court to believe that he "refused to testify at his co-defendant's trial." (ECF 182 at 2.) Petitioner argued that he was brought to court on September 22, 2009 and did testify outside the presence of the jury. (*Id.* at 3.) Petitioner further asserts that after he answered seventeen (17) questions during that hearing, it was the government that decided not to have him testify before the jury. (*Id.*) Therefore, Petitioner asserted that he did not violate the plea agreement because he did testify in court, and he should have gotten the reduction for acceptance of responsibility. (*Id.* at 9.)

On June 1, 2012, Magistrate Judge David Joel entered a Report and Recommendation in which he recommended that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody be denied and dismissed from the docket because Petitioner has failed to meet the *Strickland* test because he has failed to demonstrate that CJA Deanna Pennington, Esq. rendered ineffective assistance of counsel at sentencing or on direct appeal. (ECF 183). On September 6, 2012, the Honorable John Preston Bailed entered an Order adopting the Report and Recommendation, dismissing the Motion to Vacate, and denying petitioner a certificate of appealability. (ECF No. 193).

## C. *Current Habeas Petition*

In his current petition, Petitioner presents the following ground for relief:

1. The Presentence Investigation Report reflects two misdemeanor driving under the influence violations which should not have affected his Criminal History calculation at sentencing. Petitioner alleges that this mistake substituted the Criminal History Category of points from a Level (I) to the higher Level (II) which increased his sentence of incarceration by 25 months.

## III. ANALYSIS

Regarding a second or successive federal habeas corpus, 28 U.S.C. § 2255 states:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In order for a petition to be considered successive, the first petition must have been dismissed on the merits. *Harvey v. Horan*, 278 F. 3d 370 (4th Cir. 2002). Here, the petitioner's first § 2255 motion was clearly dismissed on the merits. Thus, the undersigned finds that the current § 2255 motion is a second or successive motion and that the petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file a successive § 2255 motion in this Court.

In reaching this conclusion, the undersigned is mindful, as noted by Petitioner, that not every numerically second Motion to Vacate, is second or successive. The majority of the cases cited by Petitioner deal with Motions to Vacate filed by state prisoners in what is commonly referred to as a § 2254 Petition or Motion. In *Rose v. Lundy*, 455 U.S. (1982), the Court held that a federal district court may not adjudicate mixed petitions from state petitioners and imposed a requirement of total exhaustion, implemented by dismissing mixed petitions without prejudice and allowing petitioners to return to state court to litigate the unexhausted claims. At the time the Court issued this decision, ADEPA[1] had not been enacted, and there was no statute of limitations on federal habeas corpus petitions. Therefore, dismissal without prejudice did not preclude petitioners from returning to

---

[1] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. §2255.

federal court once their claims were exhausted in state court proceedings.

However, "[a]s the result of the interplay between AEDPA's 1-year statute of limitations and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions, run the risk of forever losing their opportunity for any federal review of their unexhausted claims." *Rhines v. Weber*, 544 US 269, 275 (2005). Accordingly, the Supreme Court has held that a federal district court may, under some circumstances, stay rather than dismiss without prejudice, a federal habeas petition containing both exhausted and unexhausted claims in order to allow the petitioner to present the unexhausted claims to the state court. This line of reasoning has no application to the prohibition against second or successive applications, and moreover, because Petitioner is challenging a federal conviction, has no application to him, at all.

Furthermore, Petitioner's reliance on *U.S. v. Potes-Castillo*, 638 F.3d 106, 110 (2nd Cir. 2009) is also misplaced. In *Potes-Castillo*, the Second Circuit addressed Chapter 4, Part A, Subpart 1 of the Sentencing Guidelines which governs calculation of a defendant's criminal history score. Specifically, the court addressed the question of whether a conviction for driving while ability impaired in violation of New York law must categorically be counted when calculating a defendant's criminal history score. The Second Circuit held that non-felony driving while ability impaired sentences would be treated like any other misdemeanor or petty offense sentences not excluded by Section 4A1.2(c)(2). As noted by the Second Circuit, such sentences are counted in the criminal history calculation unless section 4A1.2(c)(1) operates to exclude the particular sentence at issue. Because the District Court failed to consider whether the defendant's sentence should be counted or excluded under section 4A1.2(c)(1), the matter was remanded.

Here, Petitioner argues that because the question of Application Note 5 to section 4A1.2(c)

Page 7 of 9

was not decided at the time of his original § 2255 filing, he had no opportunity to present the issue, and his current Motion to Vacate is not second or successive. The Fourth, Tenth and Eleventh Circuits have held a motion is not second or successive when the grounds for challenging the movant's sentence did not exist at the time he filed his first motion to vacate, specifically in the context of asking to reopen a federal sentence after the vacatur of a state conviction. *See United States v. Hairston*, 754 F.3d 258, 261 (4th Cir. 2014).

To the extent that the decision in *Postes-Castillo*, calls into question Petitioner's sentence, it was clearly available at the time he filed his first § 2255. The decision in *Postes-Castillo* was issued on March 14, 2011, and the petition did not file his first § 2255 until twelve months later on March 8, 2012. Therefore, the ground for challenging his sentence in the instant Motion to Vacate, was available when he filed his first. Thus, the undersigned finds that the current § 2255 motion is a second or successive motion and that the petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file a successive § 2255 motion in this Court. Accordingly, pursuant to 28 U.S.C. § 2244 and 28 U.S.C. § 2255, this Court is without authority to hear Petitioner's second federal habeas petition. *See United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003).

### III.  Recommendation

For the foregoing reasons, the undersigned recommends that the petition (Civil Action No. 2:14cv271, ECF No. 1; Criminal Action 2:09cr14, ECF. No. 266) be **DENIED** and **DISMISSED with prejudice** as an unauthorized second or successive petition.

Within **fourteen (14) days** after being served with a copy of this report and recommendation,

any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATE: November 12, 2014**

*/s Robert W. Trumble*

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE